■ YOSEF ARAMA, Appellant, v ABRAHAM FRUCHTER et al., Respondents. [833 NYS2d 665]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings

County (Kramer, J.), dated January 27, 2006, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The plaintiff, a self-employed construction contractor, was hired to renovate the defendants' single-family home. He was injured when a beam he was leaning on gave way and he fell from the second floor to the ground. The plaintiff commenced this action against the defendant homeowners seeking to recover damages for violations of Labor Law § 240 (1), § 241 (6), and § 200, and common-law negligence.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Under Labor Law § 240 (1) and § 241 (6), single-family homeowners who contract for construction services are exempt from liability unless they direct or control the work. " 'The phrase direct or control is construed strictly and refers to the situation where the owner supervises the method and manner of the work' " (*Saverino v Reiter,* 1 AD3d 427 [2003], quoting *Kolakowski v Feeney,* 204 AD2d 693 [1994]).

The defendants established, as a matter of law, that they did not exercise any direction or control over the manner or method of the work being performed (*see Duarte v East Hills Constr. Corp.,* 274 AD2d 493, 494 [2000]). The evidence showed that the defendants' instruction to the plaintiff related to the aesthetic appearance of the home, which does not constitute the kind of control necessary to overcome the statutory exemption from liability (*see Sanna v Potter,* 179 AD2d 982 [1992]), nor does the inspection of the work as it progresses constitute the requisite direction or control necessary for the imposition of liability (*see Spinillo v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515, 516 [1993]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants were exempt from liability. Thus, the Supreme Court properly granted those branches of the defendants' motion for summary judgment which were to dismiss the causes of action under Labor Law § 240 (1) and § 241 (6) and properly denied the plaintiff's cross motion for summary judgment on the issue of liability under Labor Law § 240 (1).

Furthermore, because supervision and control of the work were not demonstrated and the plaintiff never claimed that the defendants had notice of the unsafe condition causing his accident, the Labor Law § 200 and common-law negligence causes of action were properly dismissed (*see Miller v Shah,* 3 AD3d

521, 522-523 [2004]). Miller, J.P., Santucci, Florio and Lifson, JJ., concur.