JULIO RODRIGUEZ, Respondent, v HOPE MARGULIES GANY et al., Appellants, et al., Defendant. (And a Third-Party Action.)
[918 NYS2d 187]—

The defendants Hope Margulies Gany and Victor Gany (hereinafter the Ganys) own a home in Great Neck, Nassau County, where they live with their two children. Victor Gany is the president of a company that does work in sheet metal and duct installation. He has also served on the boards of directors of two trade employers associations. In 2000, the Ganys decided to renovate their house by adding a great room and a room over the garage. The Ganys hired the defendant Woodstar Contracting Corp. (hereinafter Woodstar) as a contractor for the project. Woodstar hired the subcontractors for the project, except for the roofing subcontractor and the heating, ventilation, and air-conditioning (hereinafter HVAC) subcontractor. Victor Gany

chose to hire those subcontractors himself because he knew people in the business. Victor hired the third-party defendant Martin Associates, Inc., which subcontracted the HVAC work to nonparty Dynamic Air Conditioning (hereinafter Dynamic). Dynamic employed the plaintiff, Julio Rodriguez.

The complaint alleged that the Ganys directed and supervised the work. In this regard, the plaintiff testified at his deposition that he had helped his coworker several times to move some duct work because Victor Gany had told the coworker to move it. The plaintiff was installing duct work in the great room on February 20, 2002, using a 20-foot ladder to move the duct material from the ground to a second-floor landing. He had just placed the material on the landing and had begun to descend the ladder, when the ladder collapsed, causing him to fall and allegedly sustain injuries to his leg. This action ensued.

The Ganys moved for summary judgment dismissing the complaint insofar as asserted against them, on the grounds that they did not supervise or control the plaintiff's work, and that they were entitled to the homeowner's exemption to the Labor Law. In the order appealed from, the Supreme Court, inter alia, denied the Ganys' motion, holding that there was a triable issue of fact regarding whether the Ganys supervised or controlled the plaintiff's work. We affirm the order insofar as appealed from.

The Supreme Court properly denied those branches of the Ganys' motion which were for summary judgment dismissing the causes of action based upon Labor Law § 240 (1) and § 241 (6) insofar as asserted against them. Both Labor Law § 240 (1) and § 241 (6) contain language exempting "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241 [6]; *Chowdhury v Rodriguez*, 57 AD3d 121, 126 [2008] [internal quotation marks omitted]). In order to receive the benefit of this homeowner's exemption, a defendant must demonstrate: (1) that the work was performed at a one- or two-family dwelling, and (2) that they did not direct or control the work (*see Chowdhury v Rodriguez*, 57 AD3d at 126). "The exception was enacted to protect those who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against absolute liability" (*Acosta v Hadjigavriel*, 18 AD3d 406, 406 [2005]). While the Ganys demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action based upon Labor Law § 240 (1) and § 241 (6) insofar as asserted against them, in opposition the plaintiff raised a triable issue of fact regarding whether the Ganys directed or con-

trolled the plaintiff's work (*see Acosta v Hadjigavriel*, 18 AD3d at 406-407; *see also Zamora v Frantellizzi*, 45 AD3d 580, 581 [2007]; *Rothman v Shaljian*, 278 AD2d 297, 297-298 [2000]; *Holocek v Nowak Constr. Co.*, 259 AD2d 466 [1999]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Further, for an owner to be held liable pursuant to Labor Law § 200 in a case such as this where the claim arises out of the methods or means of the work, a plaintiff must show that the owner supervised or controlled the work (*see Ortega v Puccia*, 57 AD3d 54 [2008]). Since there is a triable issue of fact as to whether the Ganys supervised or controlled the plaintiff's work, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the cause of action alleging the violation of Labor Law § 200 insofar as asserted against them (*see Acosta v Hadjigavriel*, 18 AD3d at 407). For the same reasons, the Supreme Court properly denied that branch of the Ganys' motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against them (*see Ortega v Puccia*, 57 AD3d 54 [2008]).

The Ganys' remaining contentions are without merit. Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.