■ Cornelio Guevara Ruiz, Appellant, v Layda Walker, Respondent. [940 NYS2d 896]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), entered January 24, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action based upon Labor Law § 240 (1) and § 241 (6). The defendant established, prima facie, her entitlement to the exemption from liability under Labor Law § 240 (1) and § 241 (6) for owners of one- or two-family dwellings who do not direct or control the method and manner of the work (*see Affri v Basch*, 13 NY3d 592, 596 [2009]; *Orellana v Dutcher Ave. Bldrs., Inc.*, 58 AD3d 612, 613-614 [2009]; *Arama v Fruchter*, 39 AD3d 678, 679 [2007]; *Miller v Shah*, 3 AD3d 521, 522 [2004]; *Valentin v Thirty-Four Sq. Corp.*, 227 AD2d 467, 468 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Orellana v Dutcher Ave. Bldrs., Inc.*, 58 AD3d at 614; *Chowdhury v Rodriguez*, 57 AD3d 121, 127 [2008]; *Uddin v Three Bros. Constr. Corp.*, 33 AD3d 691 [2006]; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The defendant's involvement was

"merely a retention of 'the limited power of general supervision' " (*Jumawan v Schnitt*, 35 AD3d 382, 383 [2006], quoting *Decavallas v Pappantoniou*, 300 AD2d 617, 618 [2002]), and was no more extensive than would be expected of the typical homeowner who hired a contractor to renovate his or her home.

The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action based upon Labor Law § 200 and common-law negligence. Since the accident arose from the manner in which the work was performed, the defendant made a prima facie showing of her entitlement to judgment as a matter of law by establishing that she had no authority to supervise or control the performance of the plaintiff's work (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Ortega v Puccia*, 57 AD3d 54, 62-63 [2008]; *Dupkanicova v Vasiloff*, 35 AD3d 650, 651 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Pacheco v Halstead Communications, Ltd.*, 90 AD3d 877 [2011]). Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.