■ NAI REN JIANG et al., Appellants, v SHANE YEH et al., Respondents. [944 NYS2d 200]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Agate, J.), dated June 30, 2011, which granted the defendants' motion for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6).

Ordered that the order is affirmed, with costs.

The defendants owned a single-family home in Port Washington. In late 2009 and early 2010, the home was undergoing significant renovations. The defendant Shane Yeh (hereinafter Yeh) had an architect draft plans, and he hired a number of contractors to work on the project. In late 2009, Yeh hired the plaintiff Nai Ren Jiang (hereinafter Jiang) to perform various duties in connection with the project. On February 7, 2010, Jiang was working at the defendants' home when he was involved in an accident. While Jiang was cutting a piece of wood with a table saw, the wood "kicked back" and struck him in the eye. Jiang allegedly sustained personal injuries, including blindness in his right eye. Jiang and his wife, suing derivatively, commenced this action, asserting claims based on common-law negligence and Labor Law §§ 200 and 241 (6). The defendants moved for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6), claiming that the one- and two-family homeowner exemption applied. In the order appealed from, the Supreme Court granted the defendants' motion. The plaintiffs appeal. We affirm.

The "homeowner's exemption" to liability under Labor Law § 241 (6) "is available to 'owners of one and two-family dwellings who contract for but do not direct or control the work' " (*Holifield v Seraphim, LLC*, 92 AD3d 841, 842 [2012], quoting Labor Law § 240 [1]; § 241 [6]; *see Chowdhury v Rodriguez*, 57 AD3d 121, 126 [2008]). " 'The exception was enacted to protect those who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against absolute liability' " (*Rodriguez v Gany*, 82 AD3d 863, 864 [2011], quoting *Acosta v Hadjigavriel*, 18 AD3d 406, 406 [2005]).

"[I]n order for a defendant to receive the protection of the homeowners' exemption, the defendant must satisfy two prongs required by the statutes. First, the defendant must show that the work was conducted at a dwelling that is a residence for only one or two families" (*Chowdhury v Rodriguez*, 57 AD3d at 126; *see* Labor Law § 241; *Rodriguez v Gany*, 82 AD3d at 864). "The second requirement . . . is that the defendants 'not direct or control the work' " (*Chowdhury v Rodriguez*, 57 AD3d at 126, quoting Labor Law § 240 [1]; § 241 [6]; *see Rodriguez v Gany*, 82 AD3d at 864). "The expressed and unambiguous language of both [Labor Law § 240 (1) and § 241 (6)] focuses upon whether the defendants supervised the methods and manner of the work" (*Chowdhury v Rodriguez*, 57 AD3d at 127; *see Ortega v Puccia*, 57 AD3d 54 [2008]; *Boccio v Bozik*, 41 AD3d 754, 755 [2007]; *Arama v Fruchter*, 39 AD3d 678, 679 [2007]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 849 [2006]; *Siconolfi v Crisci*, 11 AD3d 600, 601 [2004]; *Miller v Shah*, 3 AD3d 521, 522 [2004]).

Here, the defendants established, prima facie, the applicability of the one- and two-family homeowner exemption. The defendants submitted evidence establishing, and the plaintiffs do not dispute, that the defendants' home where the accident occurred is a single-family private residence. The defendants also established, prima facie, that they did not direct or control the work (*see Holifield v Seraphim, LLC*, 92 AD3d 841 [2012]; *Paez v Shah*, 78 AD3d 673, 674 [2010]; *Castellanos v United Cerebral Palsy Assn. of Greater Suffolk, Inc.*, 77 AD3d 879, 880 [2010]; *Orellana v Dutcher Ave. Bldrs., Inc.*, 58 AD3d 612, 613-614 [2009]). Yeh's "involvement was merely a retention of the limited power of general supervision, and was no more extensive than would be expected of the typical homeowner who hired a contractor to renovate his or her home" (*Orellana v Dutcher Ave. Bldrs., Inc.*, 58 AD3d at 614 [internal quotation marks and citations omitted]; *see Jumawan v Schnitt*, 35 AD3d 382, 383 [2006]; *Decavallas v Pappantoniou*, 300 AD2d 617, 618 [2002]). The evidence submitted by the defendants, including Jiang's deposition testimony, established, prima facie, that Jiang was working on his own, and that Yeh did not instruct Jiang as to how to perform the work (*see Ortega v Puccia*, 57 AD3d at 59; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d at 849). Yeh's "activities in . . . providing the site plans prepared by [his architect], hiring various [ ]contractors and scheduling when they would work, reviewing plans and the progress of the work, and making general decisions 'are no more extensive than would be expected of the ordinary homeowner' " (*Ferrero v Best Modular Homes, Inc.*, 33 AD3d at 850, quoting *Lane v Karian*,

210 AD2d 549, 550 [1994]; *see Garcia v Petrakis*, 306 AD2d 315, 316 [2003]). Moreover, Yeh "did not become a general contractor, responsible for supervising the entire construction project and enforcing safety standards, by virtue of the fact that [he] hired separate contractors to perform different aspects of the project" (*Ferrero v Best Modular Homes, Inc.*, 33 AD3d at 850). The fact that Yeh owned the table saw used in his home does not establish that he directed or controlled the work and does not serve as a predicate for liability outside of the homeowner's exemption (*cf. Chowdhury v Rodriguez*, 57 AD3d at 127; *Stone v Altarac*, 305 AD2d 849, 850 [2003]; *Miller v Trudeau*, 270 AD2d 683, 683 [2000]).

In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' expert affidavit was not relevant to the applicability of the one- and two-family homeowner exemption. As the Supreme Court correctly determined, the affidavit sworn to by Jiang, which contained statements claiming that Yeh would instruct Jiang on how to perform his work, contradicted Jiang's earlier deposition testimony. Thus, the statements contained in Jiang's affidavit appear to have been an attempt to create a feigned issue of fact specifically designed to avoid the consequences of his earlier deposition testimony (*see Kokin v Key Food Supermarket, Inc.*, 90 AD3d 850, 851 [2011]; *Freiser v Stop & Shop Supermarket Co., LLC*, 84 AD3d 1307, 1308-1309 [2011]; *Capasso v Capasso*, 84 AD3d 997, 998 [2011]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6).

In light of our determination, we need not reach the defendants' remaining contention. Angiolillo, J.P., Dickerson, Leventhal and Miller, JJ., concur.