In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated July 13, 2012, as granted those branches of the defendants’ motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant Robina Malik and dismissing the complaint insofar as asserted against the defendant Abbas G. Malik, and denied their cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and the defendants cross-appeal from stated portions of the same order.
Ordered that the cross appeal is dismissed, as the defendants are not aggrieved by the order (see CPLR 5511); and it is further,
Ordered that the order is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendants.
On November 22, 2008, while employed by nonparty KES Construction, Inc. (hereinafter KES), the plaintiff Jacques Youseff was injured when a coworker’s ladder collided with his ladder, causing him to fall from a height of eight feet. At the time of the accident, Youseff was performing construction work at a single-family residence owned solely by the defendant *618 Robina Malik (hereinafter Robina). Robina is married to the defendant Abbas Malik (hereinafter Abbas), who is KES’s president and sole shareholder. After the accident, Youseff applied for and received workers’ compensation benefits from KES’s insurance carrier.
The plaintiff, and his wife suing derivatively, commenced this action against Robina and Abbas, seeking to recover damages for violations of Labor Law §§ 200, 240 (1) and 241 (6), and for common-law negligence. The defendants moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). As relevant to this appeal, the Supreme Court granted those branches of the defendants’ motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Robina and the entire complaint insofar as asserted against Abbas, and denied the plaintiffs’ cross motion.
The Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Robina. Labor Law § 240 (1), which mandates, inter alia, the provision of certain safety devices to workers engaged in construction, encompasses “[a] 11 contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work.” “The statutory phrase ‘direct or control’ is construed strictly and refers to situations where the owner supervises the method and manner of the work” (Ortega v Puccia, 57 AD3d 54, 59 [2008]). The defendants established, prima facie, that Robina did not exercise any direction or control over the manner or method of the work being performed (see Arama v Fruchter, 39 AD3d 678, 679 [2007]; Kelly v Bruno & Son, 190 AD2d 777, 778 [1993]; Schwartz v Foley, 142 AD2d 635, 636-637 [1988]). In opposition, the plaintiffs failed to raise a triable issue of fact as to the applicability of the homeowners’ exemption.
In addition, the Supreme Court properly concluded that Abbas was entitled to summary judgment dismissing the complaint insofar as asserted against him. Contrary to the plaintiffs’ contention, Abbas did not act as Robina’s agent or contractor pursuant to Labor Law § 240 (1). The record reflects that Robina entered into a construction contract with KES, and that, to the extent that Abbas played a supervisory role in the construction project, he acted in his capacity as a KES officer, rather than in his individual capacity. The plaintiffs’ further *619 contention that Abbas should be deemed an owner of the premises is also without merit (see Fisher u Coghlan, 8 AD3d 974, 975-976 [2004]). In any event, since Youseff and Abbas were “acting within the scope of their employment, as coemployees, at the time of injury,” any claims against Abbas stemming from the accident are barred by the exclusivity provisions of the Workers’ Compensation Law (Macchirole v Giamboi, 97 NY2d 147, 150 [2001]; see hozado v Felice, 8 AD3d 633, 633-634 [2004]).
For the foregoing reasons, the Supreme Court also properly denied the plaintiffs’ cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).
The plaintiffs’ remaining contentions are without merit. Dillon, J.E, Angiolillo, Roman and Sgroi, JJ., concur.