◼ JUAN RAMON RAMIREZ, Respondent, v I.G.C. WALL SYSTEMS, INC., et al., Defendants, and ANTONIO IONA, Appellant. [35 NYS3d 159]—

In an action to recover damages for personal injuries, the defendant Antonio Iona appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated April 5, 2013, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against him, and denied his cross motion for summary judgment dismissing the plaintiff's causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's decedent commenced this action against the defendants to recover damages for personal injuries he sustained while working on the construction of a one-family home owned by the defendant Antonio Iona (hereinafter the appellant). The appellant was also an officer of the codefendant I.G.C. Wall Systems, Inc. (hereinafter IGC), the general contractor for the project, and he had experience in construction trades. IGC had hired subcontractors, including the plaintiff's employer, Maximum Electrical Corp., to perform various parts of the home construction. To gain access to the second floor where some of the work was to be done, the plaintiff's decedent was provided with a makeshift ladder, approximately 14 feet long, that the appellant had made using two-inch by four-inch pieces of wood connected by nails and screws. The top of the ladder was attached to the second floor landing. At the time of the accident, the plaintiff's decedent

was descending the ladder while carrying a heavy drill when he felt the ladder "jerk," causing him to fall.

After the appellant answered the complaint, the plaintiff moved, inter alia, for summary judgment against him on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The appellant cross-moved for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against him based upon the homeowners' exemption from liability under those provisions. The Supreme Court granted the subject branch of the plaintiff's motion, and denied the appellant's cross motion.

Under the homeowner's exemption, owners of a one- or two-family dwelling used as a residence are exempt from liability under Labor Law §§ 240 (1) and 241 (6) unless they directed or controlled the work being performed (see *Chowdhury v Rodriguez*, 57 AD3d 121, 128 [2008]). The homeowner's exemption was enacted to protect owners of one- and two-family dwellings who are not in a position to realize, understand, and insure against the responsibilities of strict liability imposed by Labor Law §§ 240 (1) and 241 (6) (see *Cannon v Putnam*, 76 NY2d 644, 649 [1990]; *Lenda v Breeze Concrete Corp.*, 73 AD3d 987, 988 [2010]). "[I]n order for a defendant to receive the protection of the homeowners' exemption, the defendant must satisfy two prongs required by the statutes. First, the defendant must show that the work was conducted at a dwelling that is a residence for only one or two families" (*Chowdhury v Rodriguez*, 57 AD3d at 126; see Labor Law §§ 240 [1]; 241 [6]; *Rodriguez v Gany*, 82 AD3d 863, 864 [2011]). "The second requirement . . . is that the defendants 'not direct or control the work' " (*Chowdhury v Rodriguez*, 57 AD3d at 126, quoting Labor Law §§ 240 [1]; 241 [6]; see *Rodriguez v Gany*, 82 AD3d at 864). " 'The expressed and unambiguous language of both [Labor Law §§ 240 (1) and 241 (6)] focuses upon whether the defendants supervised the methods and manner of the work' " (*Nai Ren Jiang v Shane Yeh*, 95 AD3d 970, 971 [2012], quoting *Chowdhury v Rodriguez*, 57 AD3d at 127; see *Ortega v Puccia*, 57 AD3d 54 [2008]; *Boccio v Bozik*, 41 AD3d 754, 755 [2007]; *Arama v Fruchter*, 39 AD3d 678, 679 [2007]).

Here, it was undisputed that the home where the accident occurred was a single-family residence owned by the appellant. The appellant noted that the fact that he gave instructions regarding the placement of the light fixtures and other items was only related to the aesthetics and design of the home and "would be expected of the typical homeowner who hired a

contractor to renovate his or her home" (*Orellana v Dutcher Ave. Bldrs., Inc.*, 58 AD3d 612, 614 [2009]). However, the appellant's control of the work site exceeded that of the ordinary homeowner, since he was involved in the construction, assembled and placed the ladder where it was, and instructed the workers to use it for access to the second floor (*see Emmi v Emmi*, 186 AD2d 1025, 1025 [1992]). The appellant also performed some of the work at the site himself, coordinated the subcontractors, and was 8 to 10 feet away from the plaintiff's decedent at the time of the accident, performing work on the entrance door. Because of his involvement in and control of the work site, the appellant was not entitled to the homeowners' exception under Labor Law §§ 240 (1) and 241 (6) (*cf. Tilton v Gould*, 303 AD2d 491 [2003]; *Jacobsen v Grossman*, 206 AD2d 405 [1994]).

The plaintiff also established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) against the appellant. "Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (*McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]). "To prevail on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (*Lopez-Dones v 601 W. Assoc., LLC*, 98 AD3d 476, 479 [2012]).

The plaintiff's evidence demonstrated that the make-shift ladder "jerked" as his decedent was descending, which caused him to fall to the ground (*see LaGiudice v Sleepy's Inc.*, 67 AD3d 969 [2009]; *Gilhooly v Dormitory Auth. of State of N.Y.*, 51 AD3d 719 [2008]). In opposition, the appellant failed to raise a triable issue of fact. Testimony from other witnesses that they had safely used the same ladder on other occasions during the weeks leading up to the accident was insufficient to refute the plaintiff's decedent's testimony that it was unstable at the time of the accident (*see Priestly v Montefiore Med. Ctr. / Einstein Med. Ctr.*, 10 AD3d 493, 495 [2004]; *Sanango v 200 E. 16th St. Hous. Corp.*, 290 AD2d 228, 228 [2002]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability with respect to the cause of action pursuant to the Labor Law § 240 (1) against the appellant, and denied the appellant's cross motion for summary judgment dismissing the plaintiff's causes of action pursuant to the Labor

Law §§ 240 (1) and 241 (6) insofar as asserted against the appellant. Dillon, J.P., Balkin, Hinds-Radix and Connolly, JJ., concur.