(February 15, 2017)

■ Aly Aly Abou Abdou, Appellant, v Kathleen Rampaul et al., Respondents, et al., Defendants. [47 NYS3d 430]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated September 22, 2014, as granted that branch of the motion of the defendants Kathleen Rampaul and Mervyn Rampaul which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Kathleen Rampaul and Mervyn Rampaul which was for summary judgment dismissing the complaint insofar as asserted against the defendant Mervyn Rampaul, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In this consolidated action, the plaintiff seeks to recover damages against the defendants Kathleen Rampaul and Mervyn Rampaul (hereinafter together the defendants), among others, for injuries he allegedly sustained after falling from a scaffold while renovating the defendants' residence. Kathleen owned the house, but Mervyn alone signed the work contract with the plaintiff's employer and visited the site daily to deliver materials and to monitor progress. The plaintiff asserted causes of action alleging violations of Labor Law §§ 200, 240 (1), and 241 (6), and common-law negligence. After discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the defendants' motion. The plaintiff appeals.

Owners of a one- or two-family dwelling used as a residence are exempt from liability under Labor Law §§ 240 (1) and 241

(6) unless they directed or controlled the work being performed (*see Chowdhury v Rodriguez*, 57 AD3d 121, 128 [2008]). "The homeowner's exemption was enacted to protect owners of one- and two-family dwellings who are not in a position to realize, understand, and insure against the responsibilities of strict liability imposed by Labor Law §§ 240 (1) and 241 (6)" (*Ramirez v I.G.C. Wall Sys., Inc.*, 140 AD3d 1047, 1048 [2016]; *see Cannon v Putnam*, 76 NY2d 644, 649 [1990]). "[I]n order for a defendant to receive the protection of the homeowners' exemption, the defendant must satisfy two prongs required by the statutes. First, the defendant must show that the work was conducted at a dwelling that is a residence for only one or two families" (*Chowdhury v Rodriguez*, 57 AD3d at 126; *see* Labor Law §§ 240 [1]; 241; *Rodriguez v Gany*, 82 AD3d 863, 864 [2011]). "The second requirement . . . is that the defendants 'not direct or control the work' " (*Chowdhury v Rodriguez*, 57 AD3d at 126, quoting Labor Law §§ 240 [1] and 241; *see Rodriguez v Gany*, 82 AD3d at 864). " 'The expressed and unambiguous language of [Labor Law §§ 240 (1) and 241] focuses upon whether the defendants supervised the methods and manner of the work' " (*Nai Ren Jiang v Shane Yeh*, 95 AD3d 970, 971 [2012], quoting *Chowdhury v Rodriguez*, 57 AD3d at 127; *see Ortega v Puccia*, 57 AD3d 54, 59-60 [2008]; *Boccio v Bozik*, 41 AD3d 754, 755 [2007]; *Arama v Fruchter*, 39 AD3d 678, 679 [2007]).

Here, the defendants proffered evidence establishing that Kathleen owned the one-family dwelling and that she did not direct or control the work being performed (*see Arama v Fruchter*, 39 AD3d at 679). In opposition, the plaintiff failed to raise a triable issue of fact. Consequently, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action asserted against Kathleen (*see Youseff v Malik*, 112 AD3d 617, 618-619 [2013]; *Reilly v Loreco Constr.*, 284 AD2d 384, 385-386 [2001]). The plaintiff is correct, however, that Mervyn was not entitled to the protection of the homeowner's exemption because he was not an "owner[ ]" under Labor Law §§ 240 (1) and 241 (*see Youseff v Malik*, 112 AD3d at 618-619; *Fisher v Coghlan*, 8 AD3d 974, 975-976 [2004]).

More generally, "Labor Law §§ 240 (1) and 241 (6) apply to owners, contractors, and their agents" (*Fucci v Douglas S. Plotke, Jr., Inc.*, 124 AD3d 835, 836 [2015], quoting *Medina v R.M. Resources*, 107 AD3d 859, 860 [2013]). " 'A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over

the work being done where a plaintiff is injured' " (*Delahaye v Saint Anns School*, 40 AD3d 679, 683 [2007], quoting *Linkowski v City of New York*, 33 AD3d 971, 974-975 [2006]). "It is not a defendant's title that is determinative, but the amount of control or supervision exercised" (*Linkowski v City of New York*, 33 AD3d at 975).

Here, the defendants failed to establish Mervyn's prima facie entitlement to judgment as a matter of law on the Labor Law §§ 240 (1) and 241 (6) causes of action by demonstrating that he lacked the authority to supervise or control the plaintiff's work (*see Bennett v Hucke*, 131 AD3d 993, 994 [2015]). Specifically, the defendants submitted transcripts of the plaintiff's two depositions, at which he testified that, in addition to visiting the site daily and telling the plaintiff what work to do, Mervyn provided and instructed him to use the allegedly defective scaffold and a safety belt to complete the work that led to his injury. Moreover, the plaintiff testified that his boss told him to follow Mervyn's instructions, and there is no dispute on this record that Mervyn was listed as an insured on the plaintiff's employer's policy. Although the defendants submitted evidence suggesting that Mervyn may have had more limited involvement in the project, " '[i]t is not the court's function on a motion for summary judgment to assess credibility' " (*Silva v FC Beekman Assoc., LLC*, 92 AD3d 754, 756 [2012], quoting *Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]). Accordingly, the plaintiff raised a triable issue of fact as to whether Mervyn had sufficient authority to supervise or control the work to support liability under Labor Law §§ 240 (1) and 241 (6) (*see Van Blerkom v America Painting, LLC*, 120 AD3d 660, 662 [2014]; *Bruce v Lawrence*, 303 AD2d 616, 617 [2003]).

To be held liable pursuant to Labor Law § 200 or the common law in a case such as this, where the claim arises out of the methods or means of the work, a defendant must have authority to supervise or control the work (*see Rodriguez v Gany*, 82 AD3d at 865; *Rojas v Schwartz*, 74 AD3d 1046 [2010]; *Ortega v Puccia*, 57 AD3d at 61-63). Here, the defendants established Kathleen's prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action against her, and the plaintiffs failed to raise a triable issue of fact in opposition (*see Ruiz v Walker*, 93 AD3d 838, 838-839 [2012]). For the same reasons as those articulated above, however, the defendants failed to satisfy their prima facie burden with respect to the plaintiff's Labor Law § 200 and common-law negligence causes of action

against Mervyn (*see Szczepanski v Dandrea Constr. Corp.*, 90 AD3d 642, 644 [2011]).

As the defendants' submissions failed to establish Mervyn's prima facie entitlement to judgment as a matter of law dismissing the Labor Law §§ 200, 240 (1), and 241 (6) and common-law negligence causes of action insofar as asserted against him, the Supreme Court should have denied that branch of the defendants' motion, and we need not consider the sufficiency of the plaintiff's opposition to the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.