■ VINICIO RODRIGUEZ, Respondent-Appellant, v MALKA E. MENDLOVITS et al., Appellants-Respondents, et al., Defendant. [60 NYS3d 87]—

In an action to recover damages for personal injuries, the defendants Malka E. Mendlovits and Joel Mendlovits appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated April 13, 2015, as denied their motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against them, and the plaintiff cross-appeals from so much of the same

order as denied his cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).

Ordered that the order is reversed insofar as appealed from, on the law, and the motion of the defendants Malka E. Mendlovits and Joel Mendlovits for summary judgment dismissing the complaint and any cross claims insofar as asserted against them is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Malka E. Mendlovits and Joel Mendlovits payable by the plaintiff.

The defendant Joel Mendlovits hired the plaintiff's employer, nonparty All Care Contracting Corp. (hereinafter All Care), to remove siding and apply stucco on the rear of the two-family home owned by his wife, the defendant Malka E. Mendlovits. The plaintiff allegedly sustained injuries when another worker, who had been holding the ladder on which the plaintiff was standing, let go of the ladder and it slipped, causing the plaintiff to fall. The plaintiff commenced this action against the Mendlovitses, among others, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6).

The Mendlovitses moved for summary judgment dismissing the complaint and any cross claims asserted against them on the grounds, inter alia, that they were entitled to the benefit of the homeowner's exemption of Labor Law §§ 240 and 241, and that they did not control or supervise the plaintiff's work or the work site. The plaintiff cross-moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). The Supreme Court denied both the motion and the cross motion.

Labor Law §§ 240 (1) and 241 specifically exempt from liability thereunder "owners of one and two-family dwellings who contract for but do not direct or control the work." This homeowner's exemption protects " 'those who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against absolute liability' " (*Nai Ren Jiang v Shane Yeh*, 95 AD3d 970, 970 [2012], quoting *Rodriguez v Gany*, 82 AD3d 863, 864 [2011]; *see Abdou v Rampaul*, 147 AD3d 885, 886 [2017]). A defendant seeking the protection of the exemption must demonstrate (1) that the work was conducted at the defendant's one-family or two-family resi-

dence, and (2) the defendant did not direct or control the work (*see Abdou v Rampaul*, 147 AD3d at 886; *Nai Ren Jiang v Shane Yeh*, 95 AD3d at 971; *Chowdhury v Rodriguez*, 57 AD3d 121, 126 [2008]; *Ortega v Puccia*, 57 AD3d 54, 58 [2008]). "The phrase 'direct or control' as used in those statutes is construed strictly and refers to the situation where the owner supervises the method and manner of the work" (*Torres v Levy*, 32 AD3d 845, 846 [2006] [internal quotation marks omitted]; *see Abdou v Rampaul*, 147 AD3d at 886; *Youseff v Malik*, 112 AD3d 617, 618 [2013]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 849 [2006]).

Here, the Mendlovitses established Malka's entitlement to the protection of the homeowner's exemption by submitting evidence that she owned the two-family residence on which the work was being performed and that she did not direct or control the work being done (*see Abdou v Rampaul*, 147 AD3d at 886; *Chowdhury v Rodriguez*, 57 AD3d at 127; *Ortega v Puccia*, 57 AD3d at 59; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d at 849-850; *Torres v Levy*, 32 AD3d at 846). The complaint explicitly alleged that she owned the premises. In opposition, the plaintiff failed to raise a triable issue of fact.

Joel did not own the residence, and therefore, was not entitled to the homeowner's exemption (*see Abdou v Rampaul*, 147 AD3d at 886; *Youseff v Malik*, 112 AD3d at 619; *Westgate v Broderick*, 107 AD3d 1389, 1390 [2013]; *Fisher v Coghlan*, 8 AD3d 974, 975-976 [2004]). However, he demonstrated that liability could not be imposed upon him as a contractor or agent within the meaning of Labor Law §§ 240 (1) and 241 (6).

"A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (*Linkowski v City of New York*, 33 AD3d 971, 974-975 [2006]; *see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]; *Herrel v West*, 82 AD3d 933, 933 [2011]). "To impose . . . liability [under the Labor Law], the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (*Linkowski v City of New York*, 33 AD3d at 975; *see Samaroo v Patmos Fifth Real Estate, Inc.*, 102 AD3d 944, 946 [2013]; *Williams v Dover Home Improvement*, 276 AD2d 626, 626 [2000]).

Here, Joel established that he did not possess the requisite authority to supervise or control the work being done to support liability under Labor Law §§ 240 (1) and 241 (6). He hired

All Care to perform stucco work on the home, but did not instruct All Care or the plaintiff how or when to do the work and did not provide them with any tools, materials, or safety equipment. The plaintiff received instructions on when, where, and how to perform the work from All Care and never spoke to Joel, who supervised the progress of the work only to the extent of making sure it was getting done. Such general supervision is insufficient to impose liability under Labor Law §§ 240 (1) or 241 (6) (see *Vazquez v Humboldt Seigle Lofts, LLC*, 145 AD3d 709, 710 [2016]; *Marquez v L & M Dev. Partners, Inc.*, 141 AD3d 694, 697 [2016]; *Gonzalez v Magestic Fine Custom Home*, 115 AD3d 796, 797 [2014]; *Linkowski v City of New York*, 33 AD3d at 975). In opposition to Joel's establishment of his prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact.

Further, the Mendlovitses established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action. To be held liable pursuant to Labor Law § 200 or for common-law negligence where, as here, the plaintiff's claim arises out of the methods or means of the work, "recovery against the owner or general contractor cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d at 61; see *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *Pilato v 866 U.N. Plaza Assoc., LLC*, 77 AD3d 644, 646 [2010]; *Haider v Davis*, 35 AD3d 363, 364 [2006]). General supervisory authority is insufficient (see *Marquez v L & M Dev. Partners, Inc.*, 141 AD3d at 698; *Torres v Perry St. Dev. Corp.*, 104 AD3d 672, 676 [2013]; *Ortega v Puccia*, 57 AD3d at 62). Here, the Mendlovitses made a prima facie showing that Malka had no involvement in the plaintiff's work and that Joel had only general supervisory authority over the work and did not supervise or control the plaintiff's work. The plaintiff failed to raise a triable issue of fact in opposition.

Accordingly, the Supreme Court should have granted the Mendlovitses' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

For the same reasons, the plaintiff was not entitled to summary judgment on the issue of liability on the Labor Law §§ 240 (1) and 241 (6) causes of action. Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.