Diaz v Trevisani (2018 NY Slip Op 05823)





Diaz v Trevisani


2018 NY Slip Op 05823


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-03253
2016-06953
 (Index No. 61221/14)

[*1]Marvin Diaz, respondent, 
v
Stephen Trevisani, et al., appellants.


Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Michael J. White and Ian Lane of counsel), for appellants.
Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Stephen C. Glasser of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated March 28, 2016. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Nina Trevisani, as executrix of the estate of Annette Trevisani, deceased. The appeal brings up for review so much of an order of the same court dated June 28, 2016, as, upon reargument, adhered to so much of the determination in the order dated March 28, 2016, as denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) (see CPLR 5517[b]).
ORDERED that the appeal from so much of the order dated March 28, 2016, as granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Nina Trevisani, as executrix of the estate of Annette Trevisani, deceased, is dismissed as academic, without costs or disbursements, as that portion of the order was vacated by the order dated June 28, 2016, made upon reargument; and it is further,
ORDERED that the appeal from so much of the order dated March 28, 2016, as denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) is dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated June 28, 2016, made upon reargument; and it is further,
ORDERED that the order dated June 28, 2016, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the original determination in the order dated March 28, 2016, as denied that branch of the defendants' motion which was for summary [*2]judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendant Nina Trevisani, as executrix of the estate of Annette Trevisani, deceased, and substituting therefor a provision, upon reargument, vacating that portion of the original determination and, thereupon, granting that branch of the motion; as so modified, the order dated June 28, 2016, is affirmed insofar as reviewed, without costs or disbursements.
On August 19, 2011, the plaintiff allegedly sustained personal injuries when a ladder slipped out from underneath him as he was trying to open a window in order to gain access to a house owned by Annette Trevisani (hereinafter the decedent). The plaintiff allegedly had been hired by the decedent's children, the defendants Stephen Trevasini (hereinafter Stephen) and Nina Trevisani (hereinafter Nina), to paint the interior of the house, which was vacant at the time as the decedent was permanently residing in a nursing home. According to the plaintiff, shortly before the accident, Stephen instructed him to use the ladder to gain access to the house through the window. The decedent died on December 10, 2011.
The plaintiff commenced this action against Stephen and Nina, as executrix of the decedent's estate, to recover damages for personal injuries, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). The defendants moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The plaintiff cross-moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
In an order dated March 28, 2016, the Supreme Court, inter alia, granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Nina and denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The defendants appeal.
Subsequently, in an order dated June 28, 2016, the Supreme Court granted the defendants' motion for leave to reargue their prior motion and their opposition to the plaintiff's cross motion, and upon reargument, vacated so much of the prior order as granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Nina, thereupon denied that branch of the cross motion, and adhered to the determination in the prior order denying those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
Labor Law §§ 240(1) and 241(6) specifically exempt from liability thereunder "owners of one and two-family dwellings who contract for but do not direct or control the work." This homeowner's exemption protects " those who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against absolute liability'" (Nai Ren Jiang v Shane Yeh, 95 AD3d 970, 970, quoting Rodriguez v Gany, 82 AD3d 863, 864 [internal quotation marks omitted]; see Rodriguez v Mendlovits, 153 AD3d 566, 567-568; Abdou v Rampaul, 147 AD3d 885, 886). A defendant seeking the protection of the exemption must demonstrate that (1) the work was conducted at the defendant's one- or two-family residence, and (2) the defendant did not direct or control the work (see Abdou v Rampaul, 147 AD3d at 886; Nai Ren Jiang v Shane Yeh, 95 AD3d at 971; Chowdhury v Rodriguez, 57 AD3d 121, 126; Ortega v Puccia, 57 AD3d 54, 58). "The phrase direct or control' as used in those statutes is construed strictly and refers to the situation where the owner supervises the method and manner of the work" (Torres v Levy, 32 AD3d 845, 846 [internal quotation marks omitted]; see Abdou v Rampaul, 147 AD3d at 886; Youseff v Malik, 112 AD3d 617, 618; Ferrero v Best Modular Homes, Inc., 33 AD3d 847, 849).
Here, the defendants established the entitlement of Nina, as executrix of the decedent's estate, to the protection of the homeowner's exemption by submitting evidence that the decedent owned the one-family residence at which the work was being performed and that the decedent did not direct or control the work being done (see Rodriguez v Mendlovits, 153 AD3d at 568; Abdou v Rampaul, 147 AD3d at 886; Chowdhury v Rodriguez, 57 AD3d at 127; Ortega v [*3]Puccia, 57 AD3d at 59; Ferrero v Best Modular Homes, Inc., 33 AD3d at 849-850; Torres v Levy, 32 AD3d at 846). The amended complaint explicitly alleged that the decedent owned the premises at the time of the alleged accident.
In opposition, the plaintiff failed to raise a triable issue of fact. There is no merit to the plaintiff's assertion that Nina cannot rely upon the homeowner's exemption because the decedent's children intended to sell the premises at some point in the future. The plaintiff presented no evidence that the decedent or her children were using the premises for commercial purposes (cf. Lombardi v Stout, 80 NY2d 290, 296; Van Amerogen v Donnini, 78 NY2d 880, 882; Batzin v Ferrone, 140 AD3d 1102, 1103-1104; Morgan v Rosselli, 23 AD3d 356, 357). Accordingly, upon reargument, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Nina.
However, we agree with the Supreme Court's determination, upon reargument, to adhere to the prior determination denying that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Stephen, inasmuch as the defendants failed to make a prima facie showing of entitlement to summary judgment in that regard. Stephen did not own the subject residence and, therefore, was not entitled to the homeowner's exemption (see Rodriguez v Mendlovits, 153 AD3d at 568; Abdou v Rampaul, 147 AD3d at 886; Youseff v Malik, 112 AD3d at 619; Westgate v Broderick, 107 AD3d 1389, 1390; Fisher v Coghlan, 8 AD3d 974, 975-976).
Moreover, the defendants failed to demonstrate, prima facie, that liability for violations of Labor Law §§ 240(1) and 241(6) could not be imposed upon Stephen as an agent of the owner. "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (Linkowski v City of New York, 33 AD3d 971, 974-975; see Walls v Turner Constr. Co., 4 NY3d 861, 863-864; Russin v Louis N. Picciano & Son, 54 NY2d 311, 318; Rodriguez v Mendlovits, 153 AD3d at 568; Herrel v West, 82 AD3d 933, 933). "To impose . . . liability [under the Labor Law], the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (Linkowski v City of New York, 33 AD3d at 975; see Samaroo v Patmos Fifth Real Estate, Inc., 102 AD3d 944, 946; Williams v Dover Home Improvement, 276 AD2d 626, 626). Here, a triable issue of fact exists as to whether Stephen had the authority to supervise and control the plaintiff's work. Stephen told the plaintiff which rooms to paint and, according to the plaintiff, directed him to use a ladder to access the house through a window. Accordingly, upon reargument, the original determination denying that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Stephen was properly adhered to, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court