Chavez-Lezama v Kun Gao (2019 NY Slip Op 04675)





Chavez-Lezama v Kun Gao


2019 NY Slip Op 04675


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-04446
 (Index No. 3606/12)

[*1]Miguel Chavez-Lezama, respondent, 
v
Kun Gao, appellant, et al., defendants (and a third-party action).


Orsetti & Curti, PLLC, Lindenhurst, NY (Stephen M. Orsetti and Sean Constable of counsel), for appellant.
Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Beth S. Gereg and Christopher J. Pogan of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the defendant Kun Gao appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered March 3, 2017. The order denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Kun Gao which was for summary judgment dismissing the complaint insofar as asserted against him is granted.
On October 27, 2010, the plaintiff was performing construction work at a house owned by the defendant Kun Gao (hereinafter Gao). The construction work involved converting the existing one-family house into a two-family house. The plaintiff alleges that he was descending a ladder when he fell and sustained injuries.
The plaintiff commenced this action against Gao, among others, in January 2012. The complaint asserted causes of action alleging violations of Labor Law §§ 200, 240(1), 241(6), and common-law negligence. Gao interposed an answer, and thereafter moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff opposed Gao's motion, arguing, among other things, that there were issues of fact regarding whether Gao directed or controlled the plaintiff's work. By order entered March 3, 2017, the Supreme Court denied the subject branch of Gao's motion. Gao appeals.
"Owners of a one- or two-family dwelling used as a residence are exempt from liability under Labor Law §§ 240(1) and 241(6) unless they directed or controlled the work being performed" (Abdou v Rampaul, 147 AD3d 885, 885-886; see Chowdhury v Rodriguez, 57 AD3d 121, 126-127). Here, Gao proffered evidence establishing that he was the owner of a one- or two-family dwelling who did not direct or control the work being performed (see Abdou v Rampaul, 147 AD3d at 887; Youseff v Malik, 112 AD3d 617, 618; Nai Ren Jiang v Shane Yeh, 95 AD3d 970, 971; Chowdhury v Rodriguez, 57 AD3d at 126-127). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit submitted by the plaintiff failed to specify Gao as the individual who [*2]supervised or controlled the work. Consequently, the Supreme Court should have granted that branch of Gao's motion which was for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes action insofar as asserted against him (see Abdou v Rampaul, 147 AD3d at 886).
"Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Gonzalez v Perkan Concrete Corp., 110 AD3d 955, 958 [internal quotation marks omitted]; see Chowdhury v Rodriguez, 57 AD3d at 127). For an owner to be held liable pursuant to Labor Law § 200 or the common law, where as here, "the claim arises out of the methods or means of the work, [an owner] must have authority to supervise or control the work" (Abdou v Rampaul, 147 AD3d at 887; see Rodriguez v Gany, 82 AD3d 863, 865). Here, for the same reasons as those articulated above, Gao established his prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action against him, and the plaintiff failed to raise a triable issue of fact in opposition (see Abdou v Rampaul, 147 AD3d at 887). Accordingly, the Supreme Court should have granted that branch of Gao's motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes action insofar as asserted against him.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court