Lazo v Ricci (2019 NY Slip Op 08840)





Lazo v Ricci


2019 NY Slip Op 08840


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2018-02921
 (Index No. 28562/13)

[*1]Jose Lazo, appellant, 
v
Richard Ricci, et al., respondents, et al., defendant.


Ferruggia & Calisto, LLP, Central Islip, NY (Ricardo Montano of counsel), for appellant.
Bello & Larkin, Hauppauge, NY (John C. Meszaros of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated December 15, 2017. The order granted the motion of the defendants Richard Ricci and Dorothy Ricci for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In April 2010, the defendants Richard Ricci and Dorothy Ricci (hereinafter together the defendants) purchased certain real property in Ronkonkoma. Thereafter, the defendants began construction of a new single family home on the property. The defendant A & J Restoration, Inc. (hereinafter A & J), assisted the defendants with managing the subcontractors working on the project. A & J hired the plaintiff's employer, Long Island Gutters, to install gutters on the home. While working at the subject premises, the plaintiff allegedly was injured when he fell from a 32-foot ladder provided by his employer.
The plaintiff subsequently commenced this action against the defendants and A & J to recover damages for violations of Labor Law §§ 200, 240(1), and 241(6), and for common-law negligence. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
Labor Law §§ 240(1) and 241(6) specifically exempt from liability thereunder "owners of one and two-family dwellings who contract for but do not direct or control the work" (see Diaz v Trevisani, 164 AD3d 750, 752; Umanzor v Charles Hofer Painting & Wallpapering, Inc., 48 AD3d 552, 552; Ferrero v Best Modular Homes, Inc., 33 AD3d 847, 849). "A defendant seeking the protection of the exemption must demonstrate that (1) the work was conducted at the defendant's one- or two-family residence, and (2) the defendant did not direct or control the work" (Diaz v Trevisani, 164 AD3d at 753; see Abdou v Rampaul, 147 AD3d 885, 886). "The phrase direct or control as used in those statutes is construed strictly and refers to the situation where the owner supervises the method and manner of the work" (Torres v Levy, 32 AD3d 845, 846 [internal quotation marks omitted]; see Abdou v Rampaul, 147 AD3d at 886; Ferrero v Best Modular Homes, Inc., 33 AD3d at 849).
Here, the defendants proffered evidence that they were owners of a one-family dwelling and that they did not direct or control the work being performed (see Chavez-Lezama v Kun Gao, 173 AD3d 826; Diaz v Trevisani, 164 AD3d at 753; Abdou v Rampaul, 147 AD3d at 886). In support of their motion, they submitted, inter alia, a transcript of the plaintiff's deposition testimony, in which he testified that he was employed by a subcontractor who supervised his work and provided all materials for the job, including the subject ladder. The plaintiff's deposition testimony further established that he did not speak with the defendants at any time prior to his accident and that he received no instructions from the defendants regarding the work to be performed. Consequently, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against them based on the homeowner's exemption (see Rodriguez v Mendlovits, 153 AD3d 566, 569; Ortega v Puccia, 57 AD3d 54, 59; Ferrero v Best Modular Homes, Inc., 33 AD3d at 849-850).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the homeowner's exemption is inapplicable because A & J's work may have been performed on a voluntary basis is without merit. The work that must be contracted for is the work of the injured plaintiff (cf. Stringer v Musacchia, 11 NY3d 212, 216-217). A homeowner is not required to hire a general contractor to avoid personal liability under the statute (see Schwartz v Foley, 142 AD2d 635, 636-637).
Labor Law § 200 codifies the common-law duty of an owner or contractor to provide a safe workplace at construction sites (see Comes v New York State Elec., 82 NY2d 876, 877; Gonzalez v Perkan Concrete Corp., 110 AD3d 955, 958). Where, as here, an accident was caused by the manner in which the work was performed, recovery against a property owner cannot be had "unless it is shown that the [owner] had the authority to supervise or control the performance of the work" (Ortega v Puccia, 57 AD3d at 61; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient" (Ortega v Puccia, 57 AD3d at 62).
Here, for the same reasons as those articulated above, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them, and the plaintiff failed to raise a triable issue of fact in opposition (see Chavez-Lezama v Kun Gao, 173 AD3d at 826; Abdou v Rampaul, 147 AD3d at 887).
Contrary to the plaintiff's contention, the defendants' motion was not premature. The plaintiff failed to show that additional discovery might lead to relevant evidence or that facts essential to oppose the motion were exclusively within the defendants' knowledge and control (see CPLR 3212[f]; Zielinski v New Jersey Tr. Corp., 170 AD3d 927, 929; Corwin v Heart Share Human Servs. of N.Y., 66 AD3d 814, 815).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court