Fraser v King (2020 NY Slip Op 06247)





Fraser v King


2020 NY Slip Op 06247


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2019-00353
 (Index No. 6874/15)

[*1]Anthony Fraser, appellant, 
v
Braden M. King, et al., respondents (and a third-party action).


Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Edward J. Pavia, Jr., of counsel), for appellant.
Gerber Ciano Kelly Brady, LLP, Garden City, NY (Matthew S. Libroia of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 20, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), and denied the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly sustained injuries while performing construction work at a house owned by the defendants. The plaintiff commenced this action alleging violations of Labor Law §§ 200 and 241(6), as well as common-law negligence. Following discovery, the defendants moved, among other things, for summary judgment dismissing the complaint and the plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6). The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action, and denied the plaintiff's cross motion. The plaintiff appeals.
Owners of a one- or two-family dwelling used as a residence are exempt from liability under Labor Law § 241(6) unless they directed or controlled the work being performed (see Chavez-Lezama v Kun Gao, 173 AD3d 826, 827). Here, the defendants made a prima facie showing that they were the owners of a one-family dwelling and that they did not direct or control the work being performed (see Nai Ren Jiang v Shane Yeh, 95 AD3d 970, 971; Chowdhury v Rodriguez, 57 AD3d 121, 126-127). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff demonstrated only that the defendants made aesthetic decisions and exercised general supervision with respect to the project, neither of which deprives them of the benefit of the statutory exemption (see Affri v Basch, 45 AD3d 615, 616, affd 13 NY3d 592).
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241(6) [*2]cause of action, and denying the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action.
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court