Carranza v JCL Homes, Inc. (2022 NY Slip Op 06463)

Carranza v JCL Homes, Inc.

2022 NY Slip Op 06463

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2019-12855
 (Index No. 615179/17)

[*1]Ronal Carranza, appellant, 
v
JCL Homes, Inc., et al., respondents.

Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone and Stephanie Lannigan Bross of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated October 24, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and common-law negligence, and denied the plaintiff's cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured while demolishing a bathroom wall in a house owned by the defendant JCL Homes, Inc. According to the plaintiff, he was standing on the second step of a three-foot ladder and was using a hammer to strike the wall in front of him when a large piece of cement board dropped on him and the ladder, causing both the plaintiff and the ladder to fall.
The plaintiff commenced this action to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The defendants moved for summary judgment dismissing the complaint. The plaintiff cross-moved for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action. In an order dated October 24, 2019, the Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law §§ 200 and 240(1) and common-law negligence causes of action, and denied the plaintiff's cross motion. The plaintiff appeals.
"Labor Law § 240(1) imposes a nondelegable duty . . . to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Vasquez-Roldan v Two Little Red Hens, Ltd., 129 AD3d 828, 829). "To prevail on a cause of action pursuant to section 240(1) in a falling object case, the injured worker must demonstrate the existence of a hazard contemplated under that statute and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (Berman-Rey v Gomez, 153 AD3d 653, 655 [internal quotation marks omitted]). "This requires a showing that at the time the object fell, it either was being hoisted or [*2]secured, or required securing for the purposes of the undertaking" (Ruiz v Ford, 160 AD3d 1001, 1003 [internal quotation marks omitted]). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) cause of action by submitting evidence that the cement board on which the plaintiff was performing work was not an "object . . . being hoisted or secured" or an object that "required securing for the purposes of the undertaking" (Ruiz v Ford, 160 AD3d at 1003 [internal quotation marks omitted]; see Seales v Trident Structural Corp., 142 AD3d 1153, 1156; Vatavuk v Genting N.Y., LLC, 142 AD3d 989, 989-990). Moreover, the defendants demonstrated, prima facie, that the cement board did not fall due to the "absence or inadequacy of an enumerated safety device" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663; see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action.
The Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action. "To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that the injuries allegedly sustained were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Sanchez v BBL Constr. Servs., LLC, 202 AD3d 847, 850). The plaintiff relied solely upon an alleged violation of 12 NYCRR 23-3.3(c), which provides that "[d]uring hand demolition operations, continuing inspections shall be made by designated persons as the work progresses to detect any hazards to any person resulting from weakened or deteriorated floors or walls or from loosened material." On his cross motion, the plaintiff failed to demonstrate, prima facie, that the accident arose from structural instability caused by the progress of demolition rather than from the actual performance of the work. Accordingly, the plaintiff failed to eliminate triable issues of fact as to whether this Industrial Code provision was violated (see Martins v Board of Educ. of City of N.Y., 82 AD3d 1062, 1063; Perron v Hendrickson/Scalamandre/Posillico [TV], 22 AD3d 731, 732; Salinas v Barney Skanska Constr. Co., 2 AD3d 619, 622).
The Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877). "Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Torres v City of New York, 127 AD3d 1163, 1165; see Ortega v Puccia, 57 AD3d 54, 61). Where the plaintiff's injuries arise from the manner in which the work is performed, "there is no liability under the common law or Labor Law § 200 unless the owner or general contractor exercised supervision or control over the work performed" (Cun-En Lin v Holy Family Monuments, 18 AD3d 800, 801; see Hamm v Review Assoc., LLC, 202 AD3d 934, 938). Here, the defendants' demonstrated, prima facie, that they did not have the authority to supervise or control the method or manner in which the plaintiff's work was performed. In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court