Valencia v Glinski (2023 NY Slip Op 04152)

Valencia v Glinski

2023 NY Slip Op 04152

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-01898 
2021-01899
 (Index No. 605229/20)

[*1]Teofilo Valencia, et al., appellants, et al., plaintiff,
v
Sean Glinski, et al., respondents, et al., defendants.

Ferro, Kuba, Mangano, P.C., Hauppauge, NY (Kenneth E. Mangano of counsel), for appellants.
Shearer PC, Locust Valley, NY (Mark G. Vaughan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs Teofilo Valencia and Andres Alvarracin appeal from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated March 1, 2021, and (2) a judgment of the same court dated March 5, 2021. The order granted the motion of the defendants Sean Glinski and Teresa Cheng for summary judgment dismissing the complaint insofar as asserted against them. The judgment, upon the order, is in favor of the defendants Sean Glinski and Teresa Cheng and against the plaintiffs dismissing the complaint insofar as asserted against those defendants.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the appeal from so much of the judgment as dismissed the complaint insofar as asserted against the defendants Sean Glinski and Teresa Cheng by the plaintiff Lorena Rangel is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Sean Glinski and Teresa Cheng.
The appeals from so much of the order as granted that branch of the motion of the defendants Sean Glinski and Teresa Cheng (hereinafter together the defendants) which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Lorena Rangel and from so much of the judgment as dismissed the complaint insofar as asserted against the defendants by Rangel must be dismissed, as the plaintiffs Teofilo Valencia and Andres Alvarracin are not aggrieved by those portions of the order and the judgment (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144). The appeal from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them by Valencia and Alvarracin must be dismissed because the right of direct appeal from that portion of the order terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that portion of order are brought up for review and [*2]have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On May 27, 2016, the defendants purchased a single-family residence in East Hampton (hereinafter the home). On February 25, 2017, the defendants entered into a contract for renovation work at the home with nonparty Chris Behan Construction Company, Ltd. (hereinafter Behan Construction). During the course of this renovation work, Valencia and Alvarracin (hereinafter together the appellants) were allegedly injured when scaffolding on which they were standing collapsed.
The appellants and Rangel commenced this action, inter alia, to recover damages for personal injuries, alleging, among other things, that the defendants were negligent and that they violated Labor Law §§ 200, 240, and 241. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing, inter alia, that they did not supervise or control the means and methods of the work performed and that they were entitled to the homeowner's exemption of Labor Law §§ 240 and 241 (see generally Assevero v Hamilton & Church Props., LLC, 131 AD3d 553, 555). The appellants opposed the motion, arguing, among other things, that the motion was premature because discovery had not yet been completed. The Supreme Court granted the defendants' motion and subsequently entered a judgment in favor of the defendants dismissing the complaint insofar as asserted against them.
Although Labor Law §§ 240(1) and 241(6) generally impose liability for worker safety on property owners and contractors, they exempt from liability "owners of one and two-family dwellings who contract for but do not direct or control the work" (Assevero v Hamilton & Church Props., LLC, 131 AD3d at 555 [internal quotation marks omitted]). The intent of the homeowner's exemption was to make the law fairer and more reflective of the "practical realities governing the relationship between homeowners and the individuals they hire to perform construction work on their homes" (Cannon v Putnam, 76 NY2d 644, 649; see Assevero v Hamilton & Church Props., LLC, 131 AD3d at 555-556).
Here, the defendants made a prima facie showing that they were the owners of a one-family dwelling and that they did not direct or control the work being performed. They submitted evidence, including a deed and a tax bill, establishing that the home is a single-family residence, which the appellants do not dispute. The defendants, who are married, each averred that they bought the home when they and their children were living with family in Port Washington and, after buying the home, they began living in the home with their children. They submitted photographs depicting their family living in the home.
The homeowner's exemption does not apply to owners who use their single-family residences "exclusively for commercial purposes" (Bartoo v Buell, 87 NY2d 362, 368; Lenda v Breeze Concrete Corp., 73 AD3d 987, 989). However, it is applicable to second homes so long as the owner does not use the single-family residence exclusively for commercial purposes (see e.g. Fawcett v Stearns, 142 AD3d 1377, 1378; Farias v Simon, 122 AD3d 466, 467-468; cf. Heerema v Kenul, 288 AD2d 185, 185). Here, the defendants clearly established that, at relevant times, the home was not used "exclusively for commercial purposes" (Bartoo v Buell, 87 NY2d at 368; see Farias v Simon, 122 AD3d at 467-468).
The defendants further averred that, in the summer of 2016, they decided that the home needed interior and exterior work. Therefore, they contracted with Behan Construction to perform the renovations, which began in late March 2017. While this work was ongoing, Cheng and the children stayed for a time with family in Port Washington while Glinski frequently traveled for work, but the defendants used the home on weekends when no renovation work was being done. The defendants resumed staying in the home "full time when school ended." The defendants also averred that, when they were at the home on weekends, they "would see the progress" of the renovations and sometimes meet with the owner of Behan Construction, Chris Behan, to discuss the work. Except for one occasion when they met with Behan, the defendants were never present at the home while workers were performing renovation work. According to each of the defendants, they did not direct or control the manner of the work being performed and they did not provide any of the [*3]ladders, scaffolding, or other tools necessary for the renovation work. Consistent with the defendants' account, Behan averred that the work week for his employees was Monday through Friday, his workers worked on Saturdays only when a "project needed to be completed on a rush basis," and, at most, the appellants worked at the home for a few hours on one Saturday. According to Behan, the defendants and their children lived in the home on weekends during the renovations, he met with the defendants at the home, and he saw the children playing and watching television in the home.
In opposition, the appellants failed to raise a triable issue of fact. The appellants rely solely on a three-page affidavit by Valencia, who provided a hearsay statement that Behan "told" him "that the owners of the house were fixing it up to sell it," along with this self-serving statement about the home: "I never saw any sign that anyone was living at the house. We were allowed to go inside to use the bathroom and the entire place was covered with dust and did not appear to have been cleaned or occupied for months and maybe years." However, Behan, who was present at the home on multiple occasions, specifically refuted Valencia's assertions and averred that the home "was not only clean, but was fully furnished and had active utilities," and there were toys, kitchenware, and other personal items in the home. Although the defendants sold the home on September 21, 2018, they explained that this was because Glinski's job was transferred to California. Further, the defendants each averred that they bought the home with the intent to live there full time and, prior to the alleged injury-causing incident, the home was not used or intended to be used as anything but a residence for them and their children. Under these circumstances, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 and 241 insofar as asserted against them based on the homeowner's exemption (see Santibanez v North Shore Land Alliance, Inc., 197 AD3d 1123, 1125-1126; Fraser v King, 188 AD3d 656, 657; Nai Ren Jiang v Shane Yeh, 95 AD3d 970, 971; cf. Dupre v Arant, 151 AD3d 1675, 1677; Batzin v Ferrone, 140 AD3d 1102, 1104).
Further, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them. Labor Law § 200 codifies the common-law duty of an owner or general contractor to maintain a safe workplace (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Carranza v JCL Homes, Inc., 210 AD3d 858, 860). Where, as here, a plaintiff's injuries arise from the manner in which the work is performed, "there is no liability under the common law or Labor Law § 200 unless the owner or general contractor exercised supervision or control over the work performed" (Cun-En Lin v Holy Family Monuments, 18 AD3d 800, 801; see Carranza v JCL Homes, Inc., 210 AD3d at 860). Here, the defendants established, prima facie, that they did not possess the authority to supervise or control the means and methods of the appellants' work, and in opposition, the appellants failed to raise a triable issue of fact (see Flores v Crescent Beach Club, LLC, 208 AD3d 560, 563).
The appellants' contention that the defendants' motion should have been denied as premature is without merit. Although a party should "be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Rutherford v Brooklyn Navy Yard Dev. Corp., 174 AD3d 932, 933 [internal quotation marks omitted]), "[a] grant of summary judgment is not premature merely because discovery has not been completed" (Arena v City of New York, 192 AD3d 737, 738 [internal quotation marks omitted]; see U.S. Bank N.A. v Wiener, 171 AD3d 1241, 1242). "A party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (MVB Collision, Inc. v Progressive Ins. Co., 129 AD3d 1040, 1041; see Cusumano v AM & G Waterproofing, LLC, 160 AD3d 922, 924). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (U.S. Bank N.A. v Wiener, 171 AD3d at 1242 [internal quotation marks omitted]; see Skura v Wojtlowski, 165 AD3d 1196, 1200). Here, the appellants did not satisfy their burden of demonstrating that the defendants' motion for summary judgment was premature (see Skura v Wojtlowski, 165 AD3d at 1200; Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 770).
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court