Punina v Canaday (2024 NY Slip Op 04273)

Punina v Canaday

2024 NY Slip Op 04273

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2022-08227
 (Index No. 707185/19)

[*1]Segundo Luis Punina, appellant, 
v
Tyrone C. Canaday, et al., respondents.

Silberstein, Awad & Miklos, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul Seidenstock, and Joshua Block], of counsel), for appellant.
Marshall Dennehey, P.C., New York, NY (Mark D. Wellman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered August 24, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross-motion to compel certain discovery.
ORDERED that the order is affirmed, with costs.
On May 6, 2016, the plaintiff allegedly was injured when he fell from a 16-foot ladder situated on top of a scaffold, both of which were provided by his employer and set up at his employer's direction. The plaintiff thereafter commenced this action against the defendants Tyrone C. Canaday and Jaime Canaday (hereinafter together the Canadays), who owned the dwelling where the plaintiff was working, and the defendant Pierre Alexandre De Looz, the Canadays' architect, to recover damages for personal injuries, asserting causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved to compel certain discovery. In an order entered August 24, 2022, the Supreme Court granted the motion and denied, as academic, the cross-motion. The plaintiff appeals.
The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). Labor Law §§ 240(1) and 241(6) specifically exempt from liability thereunder "owners of one and two-family dwellings who contract for but do not direct or control the work" (see Lazo v Ricci, 178 AD3d 811, 811-812). "'The phrase direct or control as used in those statutes is construed strictly and refers to the situation where the owner supervises the method and manner of the work'" (id. at 812, quoting Torres v Levy, 32 AD3d 845, 846). Here, it is undisputed that the property was a single-family dwelling owned and occupied by the Canadays. The defendants submitted a transcript of the plaintiff's deposition testimony, wherein the plaintiff testified that he was employed by a general contractor who supervised his work and provided all materials for the job, including the ladder and scaffold at issue, and that he received no instructions from the defendants regarding the work to be performed. Consequently, the Canadays established their prima facie entitlement to the protection of the homeowners' exemption (see Rodriguez v Mendlovits, 153 AD3d 566, 569; Ortega v Puccia, 57 AD3d 54, 59). Further, De Looz established, prima facie, that [*2]he did not direct or control the plaintiff's work and that he was not a general contractor or an agent of the owner or general contractor with regard to the plaintiff's work (see Southerton v City of New York, 203 AD3d 977, 979; Rodriguez v Mendlovits, 153 AD3d at 568-569). In opposition, the plaintiff failed to raise a triable issue of fact.
In addition, Labor Law § 200 codifies the common-law duty of an owner or contractor to provide a safe workplace at construction sites (see Singh v 180 Varick, LLC, 203 AD3d 1194, 1195; Ortega v Puccia, 57 AD3d at 60). "[W]hen a plaintiff is injured at a worksite because of dangerous or defective equipment provided by the plaintiff's own employer, . . . the property owner's liability . . . depends upon whether the owner had the authority to supervise or control the work" (Chowdhury v Rodriguez, 57 AD3d 121, 122-123, citing Ortega v Puccia, 57 AD3d at 60). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient" (Ortega v Puccia, 57 AD3d at 62). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence by demonstrating that the plaintiff's employer was solely responsible for supervising the plaintiff's work and providing the plaintiff with equipment (see Przyborowski v A & M Cook, LLC, 120 AD3d 651, 652-653; Ortega v Puccia, 57 AD3d at 62-63). In opposition, the plaintiff failed to raise a triable issue of fact.
Contrary to the plaintiff's contention, the defendants' motion for summary judgment dismissing the complaint was not premature. The plaintiff failed to show that additional discovery might lead to relevant evidence or that facts essential to oppose the motion were exclusively within the defendants' knowledge and control (see CPLR 3212[f]; Valencia v Glinski, 219 AD3d 541, 546).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and properly denied, as academic, the plaintiff's cross-motion to compel certain discovery.
DILLON, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court