Cadena v Kupferstein (2025 NY Slip Op 03036)

Cadena v Kupferstein

2025 NY Slip Op 03036

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-06162
 (Index No. 514045/20)

[*1]Wilson Cadena, appellant, 
v
Moses Kupferstein, et al., respondents (and a third-party action).

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.
Hoffman Roth & Matlin, LLP, New York, NY (John Thomas Hague of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated April 20, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) and granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the defendant BBM Construction Corp., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On June 29, 2020, the plaintiff, a carpenter employed by Molding Decor, Inc. (hereinafter Molding Decor), was working on a renovation project at property owned by the defendant Moses Kupferstein. Kupferstein was the sole owner of the defendant BBM Construction Corp. (hereinafter BBM), which was the general contractor on the project and which retained Molding Decor. On the day in question, the plaintiff allegedly was using a table saw to cut a piece of wood when the blade cut off part of one of his fingers.
The plaintiff commenced this personal injury action against the defendants, alleging, inter alia, a violation of Labor Law § 241(6). After the completion of discovery, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6), which was predicated upon violations of Industrial Code (12 NYCRR) §§ 23-1.5(c)(3), 23-1.12(c), and 23-9.2(a). The defendants opposed the plaintiff's motion and moved for summary judgment dismissing the complaint. In support of their motion, the defendants submitted, among other things, an affidavit from Kupferstein in which he averred that a certain photograph showed that a safety guard for the table saw blade was in a storage compartment on the table saw. In an order dated April 20, 2023, the Supreme Court granted the defendants' motion and denied the plaintiff's motion. The plaintiff appeals.
The Supreme Court properly determined that the statutory exemption contained in Labor Law § 241(6) applied to Kupferstein. "Owners of one- or two-family dwellings are exempt from liability under Labor Law § 241(6) unless they directed or controlled the work being performed" (Parrino v Rauert, 208 AD3d 672, 674). "In order for a defendant to receive the protection of the homeowner's exemption, the defendant must show that (1) the premises consisted of a one- or two-family residence, and (2) the owner did not direct or control the work being performed" (Marquez v Mascioscia, 165 AD3d 912, 913; see Chowdhury v Rodriguez, 57 AD3d 121, 126-127). The phrase "direct or control" is "construed strictly and refers to the situation where the owner supervises the method and manner of the work" (Miller v Shah, 3 AD3d 521, 522 [internal quotation marks omitted]; see Punina v Canaday, 230 AD3d 706; Hicks v Aibani, 157 AD3d 870, 871; Nai Ren Jiang v Shane Yeh, 95 AD3d 970, 971). "Instructions about aesthetic design matters, or retention of the limited power of general supervision, do not constitute direction or control" within the meaning of Labor Law § 241(6) (Santibanez v North Shore Land Alliance, Inc., 197 AD3d 1123, 1126 [internal quotation marks omitted]; see Affri v Basch, 13 NY3d 592, 596).
Here, it is undisputed that the property where the accident occurred was a one-family residence. Moreover, the defendants established, prima facie, that Kupferstein did not supervise the method and manner of the plaintiff's work (see Hicks v Aibani, 157 AD3d at 871; Chowdhury v Rodriguez, 57 AD3d at 127; Arama v Fruchter, 39 AD3d 678, 679-680; Garcia v Petrakis, 306 AD2d 315, 316). Although Kupferstein was the sole owner of BBM, BBM had multiple employees who were present on the job site. Contrary to the plaintiff's contention, the evidence only demonstrated, at most, that Kupferstein and/or BBM made aesthetic decisions and exercised general supervision with respect to the project, neither of which deprives Kupferstein of the benefit of the statutory exemption (see Affri v Basch, 13 NY3d at 596; Fraser v King, 188 AD3d 656, 657). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (see Hicks v Aibani, 157 AD3d at 871; Rodriguez v Mendlovits, 153 AD3d 566, 568-569; Chowdhury v Rodriguez, 57 AD3d at 127; Garcia v Petrakis, 306 AD2d at 316). For the same reasons, in support of his motion for summary judgment, the plaintiff failed to establish, prima facie, that the statutory exemption did not apply to Kupferstein. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against Kupferstien and properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action insofar as asserted against Kupferstein.
However, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against BBM. Labor Law § 241(6) imposes a nondelegable duty upon owners and general contractors to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (see Misicki v Caradonna, 12 NY3d 511, 515; Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086). To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case (see Zaino v Rogers, 153 AD3d 763, 764; Aragona v State of New York, 147 AD3d 808, 809).
Here, the defendants' submissions in support of their motion, which included a transcript of the plaintiff's deposition testimony, failed to eliminate triable issues of fact as to whether 12 NYCRR 23-1.5(c)(3), 23-1.12(c), and 23-9.2(a) were violated by the alleged lack of a safety guard to cover the table saw blade (see Misicki v Caradonna, 12 NY3d at 521; Cruz v 1142 Bedford Ave., LLC, 192 AD3d 859, 862; Perez v 286 Scholes St. Corp., 134 AD3d at 1086; Alameda-Cabrera v Noble Elec. Contr. Co., Inc., 117 AD3d 484, 485-486). At his deposition, the plaintiff testified that the table saw he was using did not have a safety guard and no safety guard was available for him to use. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against BBM without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Nevertheless, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action insofar as asserted against BBM. Contrary to the plaintiff's contention, Kupferstein's affidavit did not create a feigned issue of fact, since it was not inconsistent with Kupferstein's deposition testimony (see Red Zone LLC v Cadwalader, Wickersham & Taft LLP, 27 NY3d 1048, 1049; Nusio v Legend Autorama, Ltd., 219 AD3d 842, 845; Kievman v Philip, 84 AD3d 1031, 1033), and therefore, the court properly considered the affidavit. Kupferstein's affidavit raised triable issues of fact as to whether a safety guard for the table saw was available and provided to the plaintiff.
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court