Lahoz-Vargas v Bop Ne, LLC (2025 NY Slip Op 04717)

Lahoz-Vargas v Bop Ne, LLC

2025 NY Slip Op 04717

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-03995
 (Index No. 516654/18)

[*1]Edward Lahoz-Vargas, appellant,
v
Bop Ne, LLC, et al., respondents.

William Schwitzer & Associates, P.C., New York, NY (Travis K. Wong of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated March 31, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained while working at a construction site, when an aluminum beam fell from a scaffold frame above him and struck him on the right knee. The complaint alleged, among other things, a violation of Labor Law § 240(1). The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In an order dated March 31, 2023, the Supreme Court denied the motion. The plaintiff appeals.
"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and general contractors for failing to provide safety devices necessary to protect workers from risks inherent in elevated work sites when that failure is a proximate cause of the plaintiff's injuries" (Zholanji v 52 Wooster Holdings, LLC, 188 AD3d 1300, 1301; see Davila v City of New York, 232 AD3d 580, 581). With respect to falling objects, the injured plaintiff must demonstrate the existence of a hazard contemplated under Labor Law § 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated in the statute (see Rzepka v City of New York, 227 AD3d 922, 923). "This requires a showing that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking" (Carranza v JCL Homes, Inc., 210 AD3d 858, 859 [internal quotation marks omitted]). Where a plaintiff is the sole witness of the accident and his or her credibility is placed in issue, summary judgment in favor of the plaintiff on the issue of liability on a cause of action alleging a violation of Labor Law § 240(1) is not appropriate (see Injai v Circle F 2243 Jackson (DE), LLC, 230 AD3d 1122, 1124).
Here, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) though submission of a transcript of his deposition testimony and an expert's affidavit (see Passos v Noble Constr. Group, LLC, 169 AD3d 706, 707-708). However, in opposition, the defendants raised triable issues of fact through affidavits calling into question the plaintiff's [*2]credibility as to how the incident occurred (see Alvarez v 2455 8 Ave, LLC, 202 AD3d 724, 725). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court