Dumornay v Etienne (2026 NY Slip Op 50051(U))

[*1]

Dumornay v Etienne

2026 NY Slip Op 50051(U)

Decided on January 16, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 16, 2026
Supreme Court, Kings County

Rodney Dumornay, Plaintiff,

againstJames Scott Etienne, HIRSCHBACH, INC. and HIRSCHBACH MOTOR LINES, INC., Defendants.

Index No. 501775/2025

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used on this motion: Document Nos. 4-7, 9-20.
Upon the foregoing papers, having heard oral argument [FN1]
, and due deliberation having been had, the within motion is determined as follows.BackgroundTwo issues are before the Court: (1) Whether Plaintiff's motion for summary judgment should be dismissed on the grounds that they did not comply with IAS Part 2 Rules by failing to attach the pleadings as exhibits to their motion; and (2) Whether Plaintiff's motion for summary judgment on the issue of Defendant's liability should be granted, and Defendant's affirmative defenses of comparative negligence dismissed.
Facts
This case arises out of a motor vehicle accident which occurred on February 26, 2024, inside a parking lot located behind 2125 Walden Avenue in the Town of Cheektowaga, Erie [*2]County, New York. Defendant James Scott Etienne ("Defendant driver") was the operator of a truck bearing Nebraska license plate number 407206 which was owned by Defendant Hirschbach Inc. when, while reversing, he collided with the parked vehicle owned and operated by Plaintiff Rodney Dumornay, causing injury to Plaintiff, as the latter alleges in his affidavit. (See NYSCEF Doc. No. 6.)
Movant's Contentions
Plaintiff alleges that the nature of the contact between Defendants' truck and Plaintiff's vehicle creates a presumption of negligence arising from a violation of New York Vehicle and Traffic Law ("VTL") § 1211, which prohibits a driver from reversing if unable to do so safely and without interfering with other traffic. In support, Plaintiff cites to Parilla v Perez (No. 812884/21E, Jan. 18, 2024), wherein the Bronx County Supreme Court held that proof of a violation of a New York VTL provision constitutes a prima facie case for purposes of summary judgment. Plaintiff contends (1) Defendant's failure to verify whether there was a vehicle behind him before reversing; and (2) the fact that Plaintiff was hit while parked, creates a presumption of negligence and makes Defendant driver the sole tortfeasor and proximate cause of Plaintiff's injuries. Plaintiff further asserts that Defendants have not met their burden to overcome the motion for summary judgment as they did not show that conducting discovery would lead to triable issues of fact.
Opposition
Defendants argue that Plaintiff's motion should be denied, based on noncompliance with IAS Part 2 Rules, specifically the failure to attach copies of the pleadings as exhibits.[FN2]
Defendants also allege that Plaintiff's motion is premature and cite to Gardner v Cason, Inc. (82 AD3d 930 [2d Dept 2011]), wherein the Appellate Division reversed an order denying a plaintiff's motion for summary judgment on liability in a motor vehicle accident case. The Appellate Division held that it was premature to award summary judgment, considering that there were discrepancies in the affidavits of the plaintiff and defendant driver pertaining to the accident's circumstances and that no depositions had been conducted. Defendants further contend Plaintiff's affidavit leaves open questions of fact warranting an opportunity to conduct discovery, and that Plaintiff has not sufficiently rebutted the affirmative defense of comparative negligence to prevail on summary judgment.
Discussion
Summary judgment is an appropriate remedy when, viewing the facts in the light most favorable to the non-moving party, no genuine issue of material fact exists such that the movant [*3]has made a prima facie case and is entitled to judgment as a matter of law (see CPLR 3212). A party arguing that a motion for summary judgment is premature "must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Valencia v. Glinski, 219 AD3d 541, 546 [2d Dept 2023]). Furthermore, to violate a statute is to violate the duty of care and constitutes negligence per se, entitling the opposing party to summary judgment (see Usoiani v Dumbo Moving & Stor., Inc., 241 AD3d 981 [2d Dept 2025]; Dieubon v Moore, 229 AD3d 686 [2d Dept 2024]).
Non-Compliance with IAS Part 2 Rules
Plaintiff failed to comply with IAS Part 2 Rules in neglecting to attach the complaint and answer — previously electronically filed documents — as exhibits to their motion for summary judgment. However, Plaintiff did attach copies of the aforementioned pleadings in the reply to Defendant's opposition to the motion. The purpose of such a rule is so this Court may review all the relevant papers at once. Since Plaintiff ultimately did attach the relevant exhibits, this Court considers this a de minimis violation, insufficient to disqualify the motion papers.
Defendant's Liability & Affirmative Defenses
New York VTL § 1211 outlines limitations on reversing a vehicle, specifically, one is prohibited from doing so "unless such movement can be made safely and without interfering with other traffic." The Court has before it an affidavit from Plaintiff stating in sum and substance, that he was inside of his parked vehicle when it was hit by Defendant driver, who was reversing his truck. Given that Defendants have not submitted their own affidavit, and given that Mr. Dumornay, the plaintiff, and Mr. Etienne, the defendant driver, are the only two individuals with knowledge of what transpired inside the parking lot on February 26, 2024, Defendants have failed to rebut the presumption of negligence created by Mr. Etienne's violation of VTL § 1211 and likewise failed to raise any triable issues of material fact. Therefore, the affidavit of Mr. Dumornay establishes a prima facie case of negligence, as a violation of VTL §1211 constitutes negligence per se (see Usoiani v Dumbo Moving & Stor, Inc., 241 AD3d 981; Dieubon v Moore, 229 AD3d 686).
The argument by Defendants that Plaintiff's motion is premature due to the lack of discovery is without merit. It is well established that a party may move for summary judgment in the absence of any discovery as long as they make out a prima facie case and discovery from the moving party would not disclose anything already within the movant's knowledge, as is the case here (see Valencia v. Glinski, 219 AD3d 541 [2d Dept 2023]). Defendants failed to show that conducting discovery would lead to information on the part of Plaintiff which would create a triable issue of fact. Plaintiff attested to being seated in his parked vehicle, which was not rebutted by an affidavit or affirmation from Defendant driver James Scott Etienne. The situation here is unlike that in Gardner v Cason, Inc., cited by Defendants. In the latter case, an affidavit was submitted by the adverse driver.
Defendant's first, tenth, and fourteenth affirmative defenses alleging comparative negligence on the part of Plaintiff should be dismissed, as Defendants' sole liability has been well established due to Defendant driver's violation of VTL § 1211 and there being no showing of Plaintiff's culpable conduct. Additionally, it should be noted that Defendants' third affirmative [*4]defense — assumption of the risk — should likewise be stricken as it is improperly asserted. As the Court of Appeals has held, assumption of the risk is a defense limited to situations involving inherently dangerous sporting activities and, therefore, is not applicable to motor vehicle accidents (see Trupia v Lake George Cent. Sch. Dist., 14 NY3d 392 [2010]; Kelley v Verizon Servs. Corp., 241 AD3d 1309 [2d Dept 2025]).
Conclusion
It is hereby ORDERED as follows:
(1) Plaintiff's motion for summary judgment is GRANTED. The issue of liability is determined in Plaintiff's favor, i.e., Defendants are found 100% liable for the occurrence of the subject motor vehicle accident, and Defendants' first, third, tenth, and fourteenth affirmative defenses, alleging culpable conduct or assumption of the risk on the part of Plaintiff, are dismissed.
(2) Discovery shall proceed in accordance with Court orders.
(3) At trial, the only issue to be determined is how much damages Plaintiff should be awarded.

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:Part II, Subpart B, § 19: "Previously electronically-filed documents. Where reference is made to a previously electronically-filed document, said document must be submitted as an exhibit on the motion (see Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023])."